J-S62039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHAWN WILMER | |
| Appellant | No. 818 WDA 2015 |

Appeal from the PCRA Order April 24, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0016482-2005

BEFORE:  GANTMAN, P.J., JENKINS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED DECEMBER 29, 2015**

Appellant, Shawn Wilmer, appeals from the order entered in the Allegheny County Court of Common Pleas, which denied his petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  For the following reasons, we affirm.

The relevant facts and procedural history of this case are as follows. On December 9, 2005, the Commonwealth charged Appellant with criminal homicide and criminal conspiracy, in connection with the March 16, 2005, shooting death of Keith Watts ("Victim").  Appellant proceeded to a jury trial on April 19, 2007.  At trial, the Commonwealth presented the testimony of

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*Retired Senior Judge assigned to the Superior Court.

James Jones ("Mr. Jones"). Mr. Jones testified that Appellant had confessed to Mr. Jones that Appellant had killed Victim. Mr. Jones also testified that Appellant had complained to Mr. Jones that Appellant's co-defendant was trying to take credit for Victim's death. In response to Mr. Jones' testimony, Appellant presented the testimony of David Tracey ("Mr. Tracey"). Mr. Tracey testified he knew both Appellant and Mr. Jones from when they were in jail together. Mr. Tracey stated Appellant stopped by Mr. Tracey's cell in October 2006, while Mr. Jones was in Mr. Tracey's cell. Mr. Tracey further testified that after Appellant left Mr. Tracey's cell, Mr. Jones indicated to Mr. Tracey that he planned to use Appellant to get out of jail. In rebuttal to Mr. Tracey's testimony, the Commonwealth presented the testimony of Allegheny County Jail Internal Affairs Captain, Thomas Leicht ("Captain Leicht"). Captain Leicht testified his review of past jail records revealed that Mr. Jones was not in jail in October 2006, when Mr. Jones allegedly told Mr. Tracey that Mr. Jones planned to use Appellant to get out of jail. Specifically, Captain Leicht testified that Mr. Jones did not enter jail until April 11, 2007.

On May 4, 2007, the jury found Appellant guilty of first-degree murder and criminal conspiracy. The trial court deferred sentencing pending the preparation of a pre-sentence investigation report. On November 5, 2007, the trial court sentenced Appellant to life imprisonment for the first-degree murder conviction, and a consecutive term of two-hundred and forty (240) to four hundred and eighty (480) months' imprisonment for the conspiracy

conviction. On November 14, 2007, Appellant filed a post-sentence motion, and Appellant filed an amended post-sentence motion on March 25, 2008. Appellant attached jail records to his post-sentence motions, which established that Mr. Tracey and Mr. Jones were both in jail in October 2006. These jail records directly contradicted Captain Leicht's testimony at trial. On April 17, 2008, the trial court denied Appellant's post-sentence motions. Appellant timely filed a notice of appeal on May 16, 2008. This Court affirmed Appellant's judgment of sentence on May 11, 2009, and our Supreme Court denied allowance of appeal on February 5, 2010. *See Commonwealth v. Wilmer*, 976 A.2d 1218 (Pa.Super. 2009), *appeal denied*, 605 Pa. 674, 989 A.2d 8 (2010).

On July 16, 2010, Appellant timely filed a *pro se* PCRA petition, and the court appointed counsel on September 10, 2010. On November 19, 2010, appointed counsel filed an application to withdraw and a "no merit" letter pursuant to *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). On January 21, 2011, the PCRA court granted appointed counsel's application to withdraw and issued its notice of intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907 ("Rule 907 notice"). On February 11, 2011, Appellant filed a *pro se* response to the PCRA court's Rule 907 notice, and Appellant filed an amended *pro se* response to the PCRA court's Rule 907 notice on April 20, 2011. The PCRA court denied relief on June 15, 2011. Appellant filed a timely *pro se* appeal to this Court

on June 28, 2011. On April 25, 2012, this Court determined appointed counsel's "no-merit" letter was deficient and remanded the case to the PCRA court with directions to appoint new counsel.

On October 26, 2012, the PCRA court appointed new PCRA counsel to represent Appellant. Appellant filed an amended PCRA petition on January 2, 2014, in which Appellant claimed trial counsel and appellate counsel were ineffective. On March 9, 2015, the PCRA court issued Rule 907 notice as to Appellant's amended PCRA petition, and the PCRA court denied relief on April 24, 2015. Appellant timely filed a notice of appeal on May 22, 2015. The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant did not file one.

Appellant raises the following issues for our review:

> WHETHER THE PROSECUTOR INTRODUCED FALSE EVIDENCE IN THE COMMONWEALTH'S REBUTTAL CASE WHICH FALSELY PORTRAYED A KEY DEFENSE WITNESS AS A LIAR AND SEVERELY PREJUDICED APPELLANT'S CASE?
>
> WHETHER TRIAL COUNSEL GAVE INEFFECTIVE ASSISTANCE FOR FAILING TO INVESTIGATE THE COMMONWEALTH'S WITNESS, CONCERNING ISSUE I, SO AS TO PROVE THAT THE COMMONWEALTH PRESENTED FALSE EVIDENCE?
>
> WHETHER APPELLATE COUNSEL GAVE INEFFECTIVE ASSISTANCE FOR FAILING TO RAISE ISSUE I ON APPEAL?
>
> WHETHER APPELLANT IS ENTITLED TO A NEW TRIAL BASED UPON THE INTEREST OF JUSTICE?

(Appellant's Brief at 5).

For purposes of disposition, we combine Appellant's issues. Appellant argues the only evidence of his involvement in the charged crimes consists of statements made by Appellant to Mr. Jones, a self-interested witness. Appellant contends Mr. Jones was a biased witness because he was likely to receive favorable treatment from the Commonwealth with respect to criminal charges pending against him, in exchange for his testimony against Appellant. Appellant maintains Mr. Jones exhibited his bias through his statement to Mr. Tracey, in which Mr. Jones stated he planned to use Appellant to get out of jail. Appellant asserts the Commonwealth's presentation of Captain Leicht's false testimony, which alleged Mr. Jones was not in jail when Mr. Tracey heard Mr. Jones make the self-interested statement, made both Appellant and Appellant's trial counsel appear fraudulent. Appellant further avers trial counsel was ineffective because counsel failed to investigate the jail records and determine that Captain Leicht's testimony was false.

Appellant also argues appellate counsel improperly raised the issue of Captain Leicht's false testimony on appeal. Appellant states appellate counsel raised an ineffective assistance of counsel claim against trial counsel, instead of a presentation of false evidence claim against the Commonwealth. Appellant contends appellate counsel's failure to raise this issue properly was prejudicial to Appellant, as there was a reasonable probability this Court would have remanded Appellant's case for a new trial based on Captain Leicht's false testimony. Appellant concludes both trial

counsel and appellate counsel were ineffective, and this Court should grant Appellant a new trial in the interest of justice. We disagree.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super. 2012). The PCRA court findings will not be disturbed unless the certified record provides no support for the findings. *Commonwealth v. Taylor*, 933 A.2d 1035, 1040 (Pa.Super. 2007), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa.Super. 2008), *appeal denied*, 598 Pa. 764, 956 A.2d 433 (2008).

The law presumes counsel has rendered effective assistance. *Commonwealth v. Williams*, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, the petitioner is required to demonstrate that: (1) the underlying claim is of arguable merit,

(2) counsel had no reasonable strategic basis for his action or inaction, and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 312, 724 A.2d 326, 333 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Williams, supra*.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…." *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004).

> Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

*Pierce, supra* at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [an appellant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [*Kimball, supra*], we held that a "criminal [appellant] alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

*Commonwealth v. Chambers*, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (some internal citations and quotation marks omitted).

The Pennsylvania Supreme Court set forth the framework for consideration of layered ineffective assistance of counsel claims, as follows:

> [A] petitioner must plead in his PCRA petition that his prior counsel, whose alleged ineffectiveness is at issue, was ineffective for failing to raise the claim that the counsel who preceded him was ineffective in taking or omitting some action. In addition, a petitioner must present argument…on the three prongs of the [ineffectiveness] test as to each relevant layer of representation.

*Commonwealth v. McGill*, 574 Pa. 574, 589, 832 A.2d 1014, 1023 (2003). Thus, "[f]or the claim related to appellate counsel's conduct to have arguable merit, a petitioner must prove the underlying claim of trial counsel ineffectiveness." *Commonwealth v. Jones*, 583 Pa. 130, 138, 876 A.2d 380, 385 (2005). The inability of a petitioner to prove each prong of the ineffective assistance of counsel test with respect to trial counsel's purported ineffectiveness will be fatal to his ineffective assistance of counsel claim against appellate counsel on the same issue. *Commonwealth v. Tedford*, 598 Pa. 639, 660, 960 A.2d 1, 13 (2008).

"It is…an established constitutional principle that a conviction obtained through the knowing use of materially false testimony may not stand; a prosecuting attorney has an affirmative duty to correct the testimony of a witness which he knows to be false." *Commonwealth v. Carpenter*, 472 Pa. 510, 520, 372 A.2d 806, 810 (1977) (citing *Giglio v. United States*,

405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), and **Napue v. Illinois**, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959)). "Further, the prosecutor's office is an entity and knowledge of one member of the office must be attributed to the office of the district attorney as an entity." **Commonwealth v. Wallace**, 500 Pa. 270, 276, 455 A.2d 1187, 1190 (1983). "[W]here the prosecution obtains a conviction through the use of false or perjured testimony, a strict standard of materiality must be applied." **Commonwealth v. Romansky**, 702 A.2d 1064, 1068 (Pa.Super. 1997), *appeal denied*, 555 Pa. 699, 723 A.2d 670 (1998). "[T]he false testimony is considered material if it could in any reasonable likelihood have affected the verdict." **Id.** When making the materiality determination, "the state of mind of the prosecutor is not material, but rather, the important issue is whether the accused received a fair trial." **Id.** The mere assertion of the prosecutor's complicity in the presentation of false evidence, uncorroborated by competent evidence, does not entitle a defendant to a new trial. **Commonwealth v. Lipscomb**, 409 A.2d 857, 859 (Pa.Super. 1979).

Instantly, with respect to Appellant's assertions that Captain Leicht's false testimony severely prejudiced Appellant, and that trial counsel was ineffective for failure to investigate jail records to determine the falsity of Captain Leicht's testimony, the PCRA court reasoned:

> [Appellant] contends that Captain Leicht's false testimony was intentional and deprived him of a fair trial. [Appellant] does not, allege, however, that the prosecutor knew that the testimony was false when it was presented

or at any time during the trial. Accordingly, there is no material dispute of fact, and, based on the facts alleged by [Appellant] in his [PCRA] [p]etition and which are established in the record, this [c]ourt concludes that [Appellant's] claims are without merit as a matter of law…

In [**Commonwealth v. Hallowell**, 477 Pa. 232, 383 A.2d 909 (1978)], our Supreme Court awarded a new trial because the prosecution failed to correct a Commonwealth witness['] false testimony that he was not promised leniency in pending charges in exchange for his testimony. [Our Supreme Court] held that it did not matter whether the prosecutor trying the case was aware of the promises made to the witness; that knowledge of the promises of leniency would be attributed to the office of the District Attorney as an entity. [Appellant's] reliance on [**Hallowell, supra**] is misplaced.

[Appellant] claims that in this case it does not matter whether the trial prosecutor knew that [Captain] Leicht's testimony was false or erroneous; that the fact that such testimony was offered is enough to warrant a new trial. First, it is not clear from the record of the trial or from anything [Appellant] offered with his PCRA [petition] that Captain Leicht intentionally offered false testimony. [Appellant's] reference to a newspaper article that reported that Captain Leicht had been fired due to "inconsistencies and misrepresentations" found during an investigation is woefully insufficient to establish that his testimony in this matter was intentionally false. The inconsistencies concern statements [Captain] Leicht made about his background that were determined to be false. He claimed in a federal court hearing that he had been certified as a police officer when, in fact, he had not; and that he was previously employed as a police officer, when, in fact, he had only worked as a dispatcher. This newspaper article, involving false statements made three years after this trial, certainly did not establish that Captain Leicht intentionally lied when he testified in this matter.

More importantly, however, even if [Captain] Leicht intentionally misled the jury, there is nothing to indicate that the district attorney prosecuting this case had any

reason to know that the information conveyed by Captain Leicht was not accurate or that anyone else in the Allegheny County District Attorney's Office knew. This fact distinguishes this case from those cited by [Appellant].

In [**Hallowell, supra**, our] Supreme Court held that because another Assistant District Attorney knew of the promises of leniency made to the witness, that knowledge would be attributable to the office of the District Attorney, regardless of what the assistant district attorney prosecuting [the defendant] knew. Here, even if [Captain] Leicht's testimony was false and known by him to be false, there is nothing establishing that anyone in the District Attorney's Office knew, or should have known of the inaccuracy of the testimony.

Each of the other cases cited by [Appellant] in his [PCRA] [p]etition similarly deal with the failure to disclose a promise of leniency made by the prosecution to a cooperating witness. In [**Giglio v. United States**, 405 U.S. 150, 92. S.Ct. 763, 31 L.Ed.2d 104 (1972)], the prosecutor failed to disclose an alleged promise made to its key witness that he would not be prosecuted if he testified for the government[,] and in [**Napue v. Illinois**, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959)], the prosecutor elicited testimony from a witness that falsely claimed that he had not been offered a reduced sentence in exchange for his testimony. The Supreme Court held in these cases that a prosecuting office could not receive the benefit of testimony secured with a promise of leniency without disclosing that promise to the defendant.

Here, however, there is nothing in [Appellant's PCRA] [p]etition or in the record that establishes that the prosecution had any involvement in eliciting testimony it knew or suspected was false; nor is there any evidence that anyone associated with the district attorney's office had any reason to question the truthfulness and accuracy of the testimony from Captain Leicht. In the absence of proof that the prosecution knew or should have known about the false testimony, this claim must fail.

[Appellant's] second claim is that trial counsel was ineffective for failing to impeach Captain Leicht with the

- 11 -

jail records that would have shown his testimony to be false or in error. This [c]ourt addressed this very issue in its September [23], 2008 [o]pinion addressing the claim that [Appellant] raised in his [c]oncise [s]tatement. Because the Superior Court declined to address the ineffectiveness claims on appeal pursuant to [**Commonwealth v. Grant**, 572 Pa. 48, 813 A.2d 726 (2002)], this claim cannot be considered previously litigated. There is no reason, however, for this [c]ourt to reanalyze this claim. This [c]ourt wrote:

> …Regardless of whether [trial] counsel was ineffective in not obtaining the [evidence to impeach Captain Leicht] that [appellate] counsel did obtain, [Appellant] was not prejudiced. First of all, nothing in the materials submitted by [Appellant] with his [a]mended [p]ost[-s]entence [m]otion supports the claim that the Commonwealth intentionally presented false testimony. At best, the witness was mistaken.
>
> More importantly, had the evidence showing that [Mr.] Jones was, in fact, in jail with [Mr.] Tracey been introduced, it would not have affected the outcome of the trial. [Mr.] Tracey's testimony did not establish that anything that [Mr.] Jones said about his conversations with [Appellant] was false. All that [Mr.] Tracey reports [Mr.] Jones saying is that he could use [Appellant] to get out of jail. [Mr.] Tracey did not testify that [Mr.] Jones said he would lie to do so or that anything he said about [Appellant] was anything but the truth. In fact, [Mr.] Jones testified on direct that, in essence, he **was** using the information he had about [Appellant] to try to get out of jail, or, at least, to lessen the sentences he faced for his new charges. [Appellant]'s trial counsel even asked [Mr.] Jones whether he would be helping the police if he had [not] been arrested in September 2006 and needed their help and he said that he would not. All that [Mr.] Tracey's testimony did was corroborate what the witness [Mr.] Jones himself admitted: that he was cooperating only because he knew it would benefit him in resolving his pending criminal charges.

> Because [Appellant] was not prejudiced by the failure of trial counsel to impeach the Commonwealth's rebuttal witness, this claim must fail. [(Trial Court Opinion, filed September 23, 2008, at 20-21).]
>
> In addition, [trial counsel] also presented testimony from Charles White ["Mr. White"], another fellow inmate of [Mr.] Jones, regarding [Mr.] Jones' statements that he would cooperate with the Commonwealth against [Appellant] to secure a better deal for himself. [Mr.] White's claim to have been on the same pod as [Mr.] Jones was not disputed by the Commonwealth. Accordingly, [Appellant] did present a witness who was not impeached who put before the jury the question of whether [Mr.] Jones' testimony was influenced by a desire to secure better treatment from the prosecution. Given [Mr.] Jones' admission that he was testifying in order to secure better treatment from the Commonwealth and the un-impeached testimony of [Mr.] White that largely corroborated [Mr.] Tracey's testimony regarding [Mr.] Jones' statements, it is clear that [Appellant] suffered no prejudice from the failure of counsel to secure and present the mail records proving that Leicht's testimony was false or inaccurate.

(PCRA Court Opinion, filed May 29, 2015, at 3-9) (emphasis in original) (internal footnote omitted). The record supports the court's sound reasoning. *See Chambers, supra*.

Finally, Appellant's ineffective assistance of counsel claim against appellate counsel for failure to raise the issue of Captain Leicht's false testimony properly fails because Appellant failed to establish that trial counsel's treatment of that issue caused Appellant prejudice. Appellant cannot argue a layered ineffective assistance of counsel claim against appellate counsel successfully without first showing that trial counsel was ineffective for mishandling the same issue. *See Tedford, supra*; *Jones,*

*supra*. Therefore, Appellant's issues on appeal have no merit. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/2015